GIBBONEY et v PHILLIPPI et

Ohio Appeals, 2nd Dist, Montgomery Co

No 847.   Decided January 7, 1929

FERNEDING, PJ.

There is considerable evidence in the record in respect to the defendant's alleged misrepresentation of her three properties. It appears, however, that the plaintiff first took up the matter of the exchange of her Darke County property with Mr. Williams, a real estate man connected with the real estate firm of The Copp Company. The conversation between Mr. Williams and the plaintiff was followed by conversations with Mrs. Phillippi, and in the course of these negotiations we think the plaintiffs, Mr. and Mrs. Gibboney, had a reasonable opportunity to inspect the three properties which were afterwards conveyed to her and also to examine and find out as to the condition of said property and the rentals they were bringing. This was followed by a trip to the Darke County property by Mrs. Phillippi and Mrs. Gibboney.

It appears that in the transaction, two of the deeds from Mrs. Phillippi to the plaintiff were not witnessed. This was through an oversight and not by reason of any fraud. When the defect was discovered, the defendant offered to re-execute the deeds in proper form. So far as this failure is concerned, we are of opinion that it forms no basis for relief.

It is true that since the sale, the building and loan company has instituted proceedings and sold the property owned by defendant, the same being purchased by the building and loan company. This purchase was and is held, as stated by counsel, for the benefit of defendant.

Upon a careful consideration of the entire evidence, we have reached the conclusion that there was no actual misrepresentation of the defendant's property to the plaintiffs and that plaintiffs had ample opportunity to investigate and learn about said properties before the same were exchanged. This being a case in equity, the plaintiff is bound to make out her case by clear and convincing testimony in order to secure the equitable relief. In our judgment, she has failed to make out such case. Judge Snediker decided the case in the Court of Common Pleas in a lengthy opinion which we think is applicable to the case presented here.

We are therefore of opinion that the petition in the present case must be dismissed.